**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GEORGE CARSON,** | : |
| **Petitioner** | : |
| | :    **CIVIL ACTION NO. 3:18-1122** |
| **v.** | : |
| | :    **(Judge Mannion)** |
| **VINCE MOONEY,** | : |
| **Respondent** | : |

## <u>MEMORANDUM</u>

Petitioner, George Carson, an inmate confined in the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Luzerne County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. <u>See</u> 28 U.S.C. §2244(d).

## I.   <u>Background</u>

The following background has been extracted from the Pennsylvania Superior Court's March 28, 2016 Memorandum Opinion affirming the

sentencing court's dismissal of Petitioner's second petition filed under the

Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541 - 9546, as untimely.

(Doc. 22-3 at 15 - 20, Memorandum Opinion).

> On March 26, 2009, Appellant pled guilty to one count of murder
> in the third degree for his involvement in the death of his step-son,
> Kevin Sult. On May 28, 2009, Appellant was sentenced to a term
> of 19 to 38 years' imprisonment.

>> On June 8, 2009, [Appellant] filed a motion to modify
>> sentence. Among the issues raised were: the victim's
>> mental health, to include reference to psychological
>> records of the victim which were provided by the
>> District Attorney's office; the fact [Appellant] had
>> called the court[]house[] in April of 2008 seeking help
>> via the protection from abuse (PFA) office; that on or
>> about April of 2007 [Appellant] had contacted the
>> Wilkes-Barre Township police department with
>> respect to a violent incident regarding the victim; **that
>> [Appellant] alleged Shawn Sult, brother of the
>> victim, authored letter[s] to [Magisterial District
>> Judge (MDJ) James] Tupper expressing concerns
>> about the victim**; and [Appellant] made reference to
>> calls to the Jackson Township Department with
>> respect to property damage occasioned by the
>> victim's conduct. It is also noteworthy that, at the time
>> of sentencing, [Appellant's] counsel provided a
>> sentencing memorandum to the [c]ourt outlining these
>> similar incidents concerning the victim's alleged
>> conduct.

> PCRA Court Opinion, 10/20/2015, at 2 (footnote omitted;
> emphasis in original).

> Appellant's motion for modification of sentence was denied on
> June 12, 2009. Appellant timely filed an appeal and on March 8,

2

2011, a panel of this Court affirmed this judgment of sentence. **Commonwealth v. Carson**, 26 A.3d 1182 (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court.

On April 25, 2011, Appellant timely filed a PCRA petition, raising challenges to the legality of his sentence and the effectiveness of his plea counsel. In this petition, Appellant named MDJ Tupper as a witness to "the documented lawlessness, violent and destructive behavior of [the victim], and habitual drunkenness and substance abuse" and alleged that the judge would testify on his behalf. PCRA petition, 4/25/2011, at 6. On December 19, 2012, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 10, 2013, after consideration of Appellant's response to its notice, the PCRA court entered an order dismissing the petition. No appeal filed.

On December 4, 2014, Appellant filed the PCRA petition at issue here, in which he purported to raise claims of ineffective assistance of counsel and after-discovered evidence.

\*\*\*\*

On February 27, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice with respect to this petition. Appellant filed a response. The court formally dismissed the petition on June 1, 2015 and Appellant timely filed a notice of appeal.

(Doc. 22-3 at 15 - 20, Memorandum Opinion). By Memorandum Opinion dated March 28, 2016, the Superior Court affirmed the PCRA Court's dismissal of Petitioner's second PCRA petition as untimely. Id. Petitioner filed a timely Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied by Order dated September 28, 2016. (Doc.

22-4 at 83, Order).

On June 27, 2016, Petitioner filed a third PCRA petition, which was dismissed as untimely on December 14, 2016 by the PCRA Court. (Doc. 22-4 at 8, Order). Petitioner filed an appeal to the Superior Court, which was docketed at 77 MDA 2017. The Superior Court found Carson's third PCRA untimely and affirmed the PCRA Court's dismissal on June 20, 2017. Commonwealth v. Carson, 77 MDA 2017. Instead of filing a Petition for Allowance of Appeal, Petitioner filed a Petition for Writ of mandamus on December 20, 2018. Commonwealth v. Carson, 260 MM 2017.

On April 16, 2018, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1, petition).

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for

4

seeking such review . . .

(d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations

is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A.  Statutory Tolling

In this case, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court on direct appeal, his conviction became final on April 7, 2011, or thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on April 7, 2011, and Carson had until Monday, April 9, 2012 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Carson filed his timely PCRA petition on April 25, 2011[1], the AEDPA's filing period was statutorily tolled with

--------

1. Petitioner filed his second PCRA petition on December 4, 2014 and his
(continued...)

approximately 347 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until April 10, 2013, when the PCRA Court dismissed Carson's petition. Because Carson did not seek relief from the Pennsylvania Superior Court, his judgment of sentence became final on May 10, 2013, thirty days after the PCRA Court dismissed his petition, and the time for filing an appeal with the Pennsylvania Superior Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 1113; 42 Pa.C.S.A. §9545(b)(3). Accordingly, the remaining 347 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on May 10, 2013 and expired on April 22, 2014. The instant petition was not filed until April 16, 2018, almost four years after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

---

(...continued)

third on June 27, 2016. Both petitions were filed more than one year after the AEDPA statute of limitations expired. Consequently, Petitioner's PCRA petitions do not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed").

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in

investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D.Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

In the present matter, Petitioner does not argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for such an argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence

in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

## III.    Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV.    Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    November 12, 2019**
18-1122-01